IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRYAN PIERCE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-cv-848 |
| | § | |
| CLIENT SERVICES, INC., | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT CLIENT SERVICES, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Client Services, Inc. (herein "CSI" or "Defendant"), and files its Notice of Removal in this action to the United States District Court for the Western District of Texas, Austin Division, and in support therefore respectfully shows unto the Court the following:

1. Plaintiff Bryan Pierce filed his Original Petition on August 1, 2017 in the Justice Court, Precinct No. 2, Williamson County, Texas, Cause No. 2SC-17-0197. This court is located at 350 Discovery Blvd., Suite 204, Cedar Park, TX 78613.

2. This is a civil action based on Plaintiff's contentions that, among other things, Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The case is still pending in state court.

3. Removal is proper because this case involves a federal question—alleged violations of the FDCPA. The entire suit is removable under 28 U.S.C. §1441(a).

4. Removal is timely pursuant to 28 U.S.C. §1446(b) because Defendant has filed this Notice of Removal within 30 days of receipt of Plaintiff's Original Petition. Defendant first

ascertained that this lawsuit is one which is or has become removable after receipt of Plaintiff's Original Petition, which was served on August 2, 2017.

5. Pursuant to 28 U.S.C. §1446(a) and the Local Rules of the Western District of Texas, copies of all process, pleadings, orders and other papers filed in this action and obtained by Defendant are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

6. A copy of this Notice of Removal has been sent to Plaintiff and will be filed with the clerk of the Justice Court, Precinct No. 2, Williamson County, Texas.

7. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

8. A jury demand was not made in state court.

For the above reasons, CSI requests that this Court assume full jurisdiction over this proceeding as provided by law.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
4800 Bank of America Plaza
901 Main Street
Dallas, TX 75202-3758
(214) 698-8000 – Telephone
(214) 698-1101 – Facsimile

 */s/ Lee L. Cameron, Jr.*
**LEE L. CAMERON, JR.**
State Bar No. 03675380
Lee.Cameron@wilsonelser.com

**ATTORNEYS FOR DEFENDANT CLIENT SERVICES, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following party via **CM/ECF**, on this the 31st day of August, 2017 to:

Robert Zimmer
State Bar No. 24098662
ZIMMER & ASSOCIATES
707 West Tenth Street
Austin, TX 78701-2033
P: 512-434-0306 | F: 310-943-6954
zimmerlawTX@gmail.com

                         */s/ Lee L. Cameron, Jr.*
                         **LEE L. CAMERON, JR.**